HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELISAPETA F ITO,

            Plaintiff,

      v.

STATE OF HAWAII,

            Defendant.

CASE NO. C14-5839 RBL

ORDER DENYING IFP

14    THIS MATTER is before the Court on Plaintiff Ito's Application to proceed *in forma*

15  *pauperis* [Dkt. #1]. Ito was previously a resident of Hawaii.  He lost his job there and moved to

16  Washington.  Hawaii apparently terminated his unemployment benefits there, when he moved

17  here.  Ito's proposed complaint asks this court to "re-open" that determination, and to force

18  Hawaii to "reconsider their decision" and "grant unemployment benefits." [Dkt. #1-1 at 3]

19    A district court may permit indigent litigants to proceed *in forma pauperis* upon

20  completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad

21  discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

22  actions for damages should be sparingly granted."  *Weller v. Dickson*, 314 F.2d 598, 600 (9th

23  Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed

24

*in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).The Court will not grant *in forma pauperis* when it is concerned that a lawsuit is frivolous.

Ito's proposed complaint does not meet this standard. He has not identified the basis for this Court's jurisdiction over the State of Hawaii, or over what is essentially an appeal (or Motion for Reconsideration) of a decision made by a Hawaii state agency (or possibly a Hawaii state court). To the extent Plaintiff asks this Court to review a decision of the state court, this Court has no jurisdiction to do so. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). And, to the extent Ito seeks to sue Hawaii for money damages, he may face an Eleventh Amendment sovereign immunity problem.

Plaintiff Ito's IFP Application is therefore DENIED. Ito shall file an amended complaint addressing and correcting these deficiencies, or pay the filing fee within 15 days of this Order. If he does not, the case will be dismissed without prejudice, without further notice.

IT IS SO ORDERED.

Dated this 5th day of November, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER DENYING IFP - 2